**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORENA ORUE, GLENN SALAZAR VARGAS, and ALFONSO VICARIO ESPINOZA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ARTISANAL FROMAGERIE & BISTRO, LLC, VINCENT S, BONFITTODRORY a/k/a "SARID DRORY," and TERRANCE BRENNAN,<br><br>Defendants. | CLASS ACTION COMPLAINT |

Plaintiffs Morena Orue, Glenn Salazar Vargas, and Alfonso Vicario Espinoza (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.       This lawsuit seeks to recover minimum wage, overtime compensation, misappropriated tips, uniform-related expenses, and unlawful deductions and other statutory penalties for Plaintiffs and any similarly situated co-workers– servers, bussers, runners, bartenders, and other "Tipped Employees" – who work or have worked at Artisanal Restaurant located at 2 Park Avenue South, New York, New York 10016.

2.       Owned and/or operated by Artisanal Fromagerie & Bistro, LLC, Vicent S. Bonfittodrory a/k/a "Sarid Drory" ("Drory"), and Terrance Brennan ("Brennan") (collectively

"Defendants"), Artisanal Restaurant is an acclaimed high-end French restaurant.

3.      Aside from Artisanal Restaurant, Defendant Brennan operates Picholine, a high end French restaurant located in New York City.

4.      Aside from Artisanal Restaurant, Defendant Drory operates other high end restaurants in New York City including The Waverly Inn.

5.      Defendants have been part of a single integrated enterprise that has jointly employed Tipped Employees at Artisanal in New York.

6.      Tipped Employees at Artisanal Restaurant perform the same basic job duties, and are subject to the same employment policies, practices and procedures.

7.      At all times relevant, Defendants have paid Plaintiffs at a "tipped" minimum wage rate – less than the full minimum wage rate for non-tipped employees.

8.      Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") that would allow them to pay this reduced minimum wage (take a "tip credit").

9.      Specifically, Defendants require Plaintiffs and other Tipped Employees to engage in a tip distribution scheme wherein they must tip out 9% of net sales each night and share their tips with tip-ineligible positions, including, but not limited to, Fromagers.

10.     Individuals employed as Fromagers are responsible for preparing cheese plates. Fromagers have little to no interaction with customers.    As a result, Fromagers at Artisanal Restaurant are not entitled to share tips under the FLSA or the NYLL.

11.     In addition, employees were not given verbal or written notice of the tip credit.

12.     On July 16, 2015, Plaintiffs sent a Demand Letter with a copy of a draft Class Action Complaint ("Demand Letter"), attached as Exhibit "A," in order to inform Defendants of

Plaintiffs' claims and invite a pre-litigation response to pursue Plaintiffs' claims before filing in court. Defendants received the Demand Letter on July 17, 2015, and thereafter proceed to retaliate against Plaintiffs Glenn Salazar Vargas ("Vargas") and Alfonso Vicario Espinoza ("Espinoza") by reducing their work schedule.

13.    Plaintiffs bring this action on behalf of themselves and similarly situated current and former Tipped Employees who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

14.    Plaintiffs also bring this action on behalf of themselves and similarly situated current and former Tipped Employees in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

15.    Plaintiffs, individually, also bring claims against Defendants for retaliation in accordance with the FLSA, 29 U.S.C. § 215 and the NYLL, Article 7, § 215.

## THE PARTIES

### Plaintiffs

#### Morena Orue

16.　　Morena Orue ("Orue") is an adult individual who is a resident of the Bronx, New York.

17.　　Orue has been employed by Defendants at Artisanal Restaurant from in or around September 2014 through May 4, 2015.

18.　　Orue is a covered employee within the meaning of the FLSA and the NYLL.

19.　　A written consent form for Orue is being filed with this Class Action Complaint.

#### Glenn Salazar Vargas

20.　　Vargas is an adult individual who is a resident of Sunnyside Queens, New York.

21.　　Vargas has been employed by Defendants at Artisanal Restaurant from in or around December 2005 through the present.

22.　　Vargas is a covered employee within the meaning of the FLSA and the NYLL.

23.　　A written consent form for Vargas is being filed with this Class Action Complaint.

#### Alfonso Vicario Espinoza

24.　　Espinozais an adult individual who is a resident of Brooklyn, New York.

25.　　Espinoza has been employed by Defendants at Artisanal Restaurant from in or around August 2010 through the present.

26.　　Espinoza is a covered employee within the meaning of the FLSA and the NYLL.

27.　　A written consent form for Espinoza is being filed with this Class Action Complaint.

**Defendants**

28. Defendants have employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

29. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

**Artisanal Fromagerie & Bistro, LLC**

30. Together with the other Defendants, Artisanal Fromagerie & Bistro, LLC ("AFB") has owned and/or operated Artisanal during the relevant time period.

31. AFB is a domestic business corporation organized and existing under the laws of New York.

32. AFB is the corporate identity that has appeared on Plaintiffs' paystubs for work performed at Artisanal Restaurant.

33. AFB's principal executive office is located at 2 Park Avenue South, New York, New York 10016.

34. AFB is the "Premises Name" that appears on the active New York State Liquor license doing business as "ARTISANAL" located at "2 PARK AVENUE, NEW YORK, NY 10016."

35. AFB is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

36. At all relevant times, AFB has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

37. AFB applies the same employment policies, practices, and procedures to all

Tipped Employees at Artisanal Restaurant, including policies, practices, and procedures with respect to payment of minimum wage and tips.

38. Upon information and belief, at all relevant times AFB has an annual gross volume of sales in excess of $500,000.

**Vincent S. Bonfittodrory a/k/a "Sarid Drory"**

39. Upon information and belief, Drory is a resident of the State of New York.

40. At all relevant times, Drory has been the owner and operator of Artisanal Restaurant.

41. Drory identifies himself as the "Owner" of Artisanal Restaurant on his personal Facebook page.

42. Drory is listed as a "Principal" on the active New York State Liquor License for the premises doing business as "ARTISANAL" located at "2 PARK AVENUE, NEW YORK, NY 10016."

43. Upon information and belief, Drory oversees, manages and controls Artisanal Restaurant's website, www.artisanalbistro.com.

44. At all relevant times, Drory has had power over personnel decisions at Artisanal Restaurant, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. In fact, Drory terminated Plaintiff Huang and Plaintiff Orue.

45. At all relevant times, Drory has had power over payroll decisions at Artisanal Restaurant, including the power to retain time and/or wage records.

46. At all relevant times, Drory has been actively involved in managing the day to day operations of Artisanal Restaurant.

47.    At all relevant times, Drory has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

48.    At all relevant times, Drory has had the power to transfer the assets and/or liabilities of Artisanal Restaurant.

49.    At all relevant times, Drory has had the power to declare bankruptcy on behalf of Artisanal Restaurant.

50.    At all relevant times, Drory has had the power to enter into contracts on behalf of Artisanal Restaurant.

51.    At all relevant times, Drory has had the power to close, shut down, and/or sell Artisanal Restaurant.

52.    Drory is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

**Terrance Brennan**

53.    Upon information and belief, Brennan is a resident of the State of New York.

54.    Upon information and belief, Brennan has been the owner and operator of Artisanal Restaurant.

55.    At all relevant times, Brennan has been a corporate officer of AFB.

56.    Up until on or around May 27, 2015, Brennan was listed as a "Principal," along with Defendant Drory, Yair Nudel, and Marvin Numeroff on the active New York State Liquor License for the premises doing business as "ARTISANAL" located at "2 PARK AVENUE, NEW YORK, NY 10016."

57.    Brennan currently lists himself as "Chef Proprietor" of Artisanal Restaurant on his Facebook page.

58.     Upon information and belief, Brennan oversees, manages and controls Artisanal Restaurant's website, www.artisanalbistro.com.

59.     At all relevant times, Brennan has had power over personnel decisions at Artisanal Restaurant, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

60.     At all relevant times, Brennan has had power over payroll decisions at Artisanal Restaurant, including the power to retain time and/or wage records.

61.     At all relevant times, Brennan has been actively involved in managing the day to day operations of Artisanal Restaurant.

62.     At all relevant times, Brennan has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

63.     At all relevant times, Brennan has had the power to transfer the assets and/or liabilities of Artisanal Restaurant.

64.     At all relevant times, Brennan has had the power to declare bankruptcy on behalf of Artisanal Restaurant.

65.     At all relevant times, Brennan has had the power to enter into contracts on behalf of Artisanal Restaurant.

66.     At all relevant times, Brennan has had the power to close, shut down, and/or sell Artisanal Restaurant.

67.     Brennan is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

68.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

69.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

70.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

71.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

72.    Plaintiffs bring the First and Second Causes of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former Tipped Employees employed at Artisanal Restaurant in New York owned, operated, and/or controlled by Defendants, for a period of three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective Members").

73.    At all relevant times, Plaintiffs and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs at the legally required minimum wage for all hours worked. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

74.    Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime compensation for all of the hours they work.

75.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

76.     The First and Second Causes of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

77.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek.

78.     The FLSA Collective Members are readily ascertainable.

79.     For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names and addresses are readily available from Defendants' records.

80.     In recognition of the services Plaintiffs have rendered and will continue to render to the FLSA Collective, Plaintiffs will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

81.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, NYLL claims, under Rule 23, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Tipped Employees and similar employees at Artisanal Restaurant in New York between July 21, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

82.     Excluded from the Rule 23 Class Members are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

- 10 -

whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

83.     The members of the Rule 23 Class ("Rule 23 Class Members") are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

84.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

85.     There are more than fifty Rule 23 Class Members.

86.     Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

87.     All the Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to provide overtime compensation, failing to properly distribute tips, failing to be reimbursed for uniform-related expenses, having unlawful deductions taken from their wages, failing to provide proper wage and hour notices, and failing to provide proper wage statements.

88.     Plaintiffs and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

89.     Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

90.     Plaintiffs and other Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

91.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

92.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

93.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual

litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

94.     Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

95.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

96.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Defendants employed Plaintiffs and the Rule 23 Class Members within the meaning of the NYLL;

(c)     whether Defendants paid Plaintiffs and the Rule 23 Class Members at the proper

minimum wage rate for all hours worked;

(d)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

(e)     whether Defendants had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiffs and the Rule 23 Class Members;

(f)     what notice is required in order for Defendants to take a tip credit under New York State Department of Labor regulations;

(g)     whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class Members by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for Plaintiffs and the Rule 23 Class Members, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class Members;

(h)     whether Defendants distributed a portion of the tips paid by customers to Employees who are not entitled to receive tips under the NYLL;

(i)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class Members with proper annual wage notices, as required by the NYLL;

(j)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class for uniform-related expenses;

(k)     whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class, in violation of the NYLL;

(l)     whether Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiffs' employment;

(m)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class Members with proper annual wage notices, as required by the NYLL;

(n)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class Members with an accurate statement of wages listing the rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Prevention Act;

(o)     whether Defendants' policy of failing to pay Tipped Employees was instituted willfully or with reckless disregard of the law; and

(p)     the nature and extent of class-wide injury and the measure of damages for those injuries.

97.     In recognition of the services Plaintiffs have rendered and will continue to render to the Rule 23 Class, Plaintiffs will request payment of a service award upon resolution of this action.

## PLAINTIFFS' FACTUAL ALLEGATIONS

98.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Morena Orue**

99.     Defendants did not pay Orue the proper minimum wages and overtime compensation for all of the time that she was suffered or permitted to work each workweek.

100.    During her employment, Orue generally worked the following scheduled hours, unless she missed time for vacation, sick days, and/or holidays: four to five shifts per week for an average of approximately 20 to 30 hours per week.

101.    Defendants paid Orue at the New York tipped minimum wage rate.

102.    Defendants failed to notify Orue verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to her wages.

103.    Defendants failed to notify Orue in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to her wages.

104.    Defendants unlawfully required Orue to share tips with employees in positions that are not entitled to share tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers..

105.    As a result of the above three paragraphs, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Orue's

wages.  As such, Orue should have been paid the full minimum wage not the reduced tipped minimum wage rate.

106.  Defendants did not allow Orue to retain all the tips she earned.

107.  Specifically, Defendants require Orue and other Tipped Employees to engage in a tip distribution scheme wherein they must tip out 9% of net sales each night.  As a result, there was at least one time when the 9% of net sales was more than 50% of her tips she actually received.

108.  Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Orue earned.  Defendants imposed upon Orue a tip redistribution scheme to which she never agreed.

109.  Defendants' mandatory tip pooling arrangement allocated a portion of Orue's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers.

110.  Defendants required Orue to wear a uniform consisting of a dress shirt bearing Artisanal Restaurant's logo. Defendants did not launder and/or maintain Orue's mandatory uniform, and failed to pay Orue the required weekly uniform-maintenance amount in addition to the required minimum wage.

111.  Defendants failed to furnish Orue with proper annual wage notices, as required by the NYLL.

112.  Defendants failed to furnish Orue with accurate statements of wages listing the rates paid, gross wages, and the claimed tip allowance.

113.  Defendants failed to pay Orue the wages she earned in accordance with the agreed terms of her employment, but not less frequently than semi-monthly, on regular pay days

designated in advance by Defendants.   Instead, Defendants required Orue to work up to approximately three to four weeks in a row without receiving any compensation.

114.   Despite Orue's repeated complaints to Defendants regarding their unlawful pay practices, Defendants continued to deny Orue's timely wages.

115.   When Orue refused to work until she received her overdue paycheck of longer than two weeks, Defendants retaliated against Orue by immediately terminating her employment based solely upon her attempt to obtain her lawfully earned wages under the FLSA and NYLL.

116.   In that regard, on May 4, 2015, Orue was among a group of employees who refused to work until they received paychecks that were approximately three weeks overdue. Orue informed the floor manager Carlos Samaeria ("Samaeria") of this, who then informed Defendant Drory. Drory then told the employees that they would not receive the overdue paychecks until after their shift. Drory asked Orue if she had an issue with that. When Orue responded that she was not okay with receiving her overdue paycheck after her shift, Drory immediately terminated her.

117.   Despite performing her job duties satisfactorily for over a year and a half, Defendants terminated Orue as a direct response to her refusing to work until she was paid which was an effort to enforce her rights under the FLSA and NYLL.

118.   Defendants terminated Orue to punish her for asserting her rights under the FLSA and the NYLL, and/or to otherwise interfere with her attempts to vindicate her rights under the FLSA and NYLL.

**Glenn Salazar Vargas**

119.    Defendants do not pay Vargas the proper minimum wages and overtime compensation for all of the time that he is suffered or permitted to work each workweek.

120.    During his employment, Vargas generally works the following scheduled hours, unless he misses time for vacation, sick days, and/or holidays:  two to six shifts per week for an average of approximately 25 to 44 hours per week.

121.    Defendants pay Vargas at the New York tipped minimum wage rate.

122.    Defendants fail to notify Vargas verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

123.    Defendants fail to notify Vargas in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

124.    Defendants unlawfully require Vargas to share tips with employees in positions that are not entitled to share tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers.

125.    As a result of the above three paragraphs, Defendants do not satisfy the requirements under the FLSA, and NYLL by which they can apply a tip credit to Vargas' wages. As such, Vargas should be paid the full minimum wage not the reduced tipped minimum wage rate.

126.    Defendants do not allow Vargas to retain all the tips he earns.

127.    Defendants unlawfully demand, handle, pool, count, distribute, accept, and/or retain portions of the tips that Vargas earns. Defendants impose upon Vargas a tip redistribution scheme to which he never agreed.

128.    Defendants' mandatory tip pooling arrangement allocates a portion of Vargas' tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers.

129.    Defendants fail to furnish Vargas with proper annual wage notices, as required by the NYLL.

130.    Defendants fail to furnish Vargas with accurate statements of wages listing the rates paid, gross wages, and the claimed tip allowance.

131.    Upon receipt of Plaintiffs' Demand Letter, Defendants retaliated against Vargas by immediately reducing his work schedule based solely upon his attempt to obtain his lawfully earned wages under the FLSA and NYLL.

132.    In that regard, on July 16, 2015, Plaintiffs mailed Defendants a Demand Letter reflecting the wage and hour allegations in this complaint.  After receiving Plaintiffs' Demand Letter, on July 18, 2015 Vargas was called into a meeting with Defendant Drory and the floor manager Samaeria. They questioned Vargas about the letter and then sent him home early before his shift was scheduled to end.  Defendant Drory also said, "you can get your checks from the court" and refused to give Vargas any of the 3 outstanding paychecks owed to him. Furthermore, Vargas was scheduled to work on July 19, 2015, however he was never called by Defendant Drory to come in.  Finally, on Monday, July 20, 2015, Vargas saw that his shifts for the upcoming week were cut to only 2 shifts.  His two remaining shifts were the ones in which he received the lowest amount of tips.

133.    Despite performing his job duties satisfactorily for over four years, Defendants negatively affected Vargas' terms of employment as a direct response to him sending a Demand

Letter informing Defendants of their unlawful wage and hour practices which was an effort to enforce his rights under the FLSA and NYLL.

134.    Defendants reduced Vargas' work schedule to intimidate him, to punish him for asserting his rights under the FLSA and the NYLL, and/or to otherwise interfere with his attempts to vindicate his rights under the FLSA and NYLL.

**Alfonso Vicario Espinoza**

135.    Defendants did not pay Espinoza the proper minimum wages and overtime compensation for all of the time that he was suffered or permitted to work each workweek.

136.    During his employment, Espinoza generally worked the following scheduled hours, unless he missed time for vacation, sick days, and/or holidays: six shifts per week for an average of approximately 38 to 40 hours per week.  During his employment, there were times when Espinoza worked over 40 hours in a workweek.

137.    Defendants paid Espinoza at the New York tipped minimum wage rate for his work as a busser.

138.    Defendants failed to notify Espinoza verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

139.    Defendants failed to notify Espinoza in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

140.    Defendants unlawfully required Espinoza to share tips with positions that are not entitled to share tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers.

141.    As a result of the above three paragraphs, Defendants did not satisfy the requirements under the FLSA, and NYLL by which they could apply a tip credit to Espinoza's

wages.  As such, Espinoza should have been paid the full minimum wage not the reduced tipped minimum wage rate.

142.    Defendants did not allow Espinoza to retain all the tips he earned.

143.    Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Espinoza earned.  Defendants imposed upon Espinoza a tip redistribution scheme to which he never agreed.

144.    Defendants' mandatory tip pooling arrangement allocated a portion of Espinoza's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, Fromagers.

145.    Defendants failed to furnish Espinoza with proper annual wage notices, as required by the NYLL.

146.    Defendants failed to furnish Espinoza with accurate statements of wages listing the rates paid, gross wages, and the claimed tip allowance.

147.    Defendants failed to pay Espinoza the wages he earned in accordance with the agreed terms of his employment, but not less frequently than semi-monthly, on regular pay days designated in advance by Defendants.  Instead, Defendants required Espinoza to work up to approximately three to four weeks in a row without receiving any compensation.

148.    Despite Espinoza's repeated complaints to Defendants regarding their unlawful pay practices, Defendants continued to deny Espinoza timely wages.

149.    Upon receipt of Plaintiffs' Demand Letter, Defendants retaliated against Espinoza by immediately reducing his work schedule based solely upon his attempt to obtain his lawfully earned wages under the FLSA and NYLL.

150.   In that regard, on July 16, 2015, Plaintiffs mailed Defendants a Demand Letter reflecting the wage and hour allegations in this complaint.  After receiving Plaintiffs' Demand Letter, on July 18, 2015 Espinoza was called into a meeting with the floor manager Carlos Samaeria.  Samaeria asked Espinoza why he sent the letter and then sent him home early before his shift was scheduled to end that night.  The next day, July 19, 2015, Samaeria again approached Espinoza to discuss the allegations in the Demand Letter and told him to "drop it" because he should speak with the owner directly.  On Monday, July 20, 2015, Espinoza saw that his shifts for the upcoming week were cut to only 2 shifts, taking away one shift in which he earned the most tips, and Samaeria informed Espinoza that management would be watching "them."

151.   Despite performing his job duties satisfactorily for over four years, Defendants negatively affected Espinoza's employment as a direct response to him sending a Demand Letter informing Defendants of their unlawful wage and hour practices which was an effort to enforce his rights under the FLSA and NYLL.

152.   Defendants reduced Espinoza's work schedule to intimidate him, to punish him for asserting his rights under the FLSA and the NYLL, and/or to otherwise interfere with his attempts to vindicate his rights under the FLSA and NYLL.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective Members)**

153.   Plaintiffs, on behalf of themselves and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

154.   Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

155.    At all relevant times, each of the Defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Members.

156.    Defendants were required to pay directly to Plaintiffs and the FLSA Collective Members the applicable New York State minimum wage rate for all hours worked.

157.    Defendants failed to pay Plaintiffs and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

158.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiffs and FLSA Collective Members of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to Employees who do not "customarily and regularly" receive tips.

159.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

160.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

161.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wage
### (Brought on behalf of Plaintiffs and the FLSA Collective)

162.    Plaintiffs, on behalf of themselves and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

163.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

164.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA – at a rate of 1.5 times the full minimum hourly wage rate – for all hours worked in excess of 40 per workweek.

165.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

166.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

167.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

168.     Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

169.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

170.     At all times relevant, Plaintiffs and the Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

171.     At all times relevant, Plaintiffs and the Rule 23 Class Members have been covered by the NYLL.

172.     The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the Rule 23 Class Members.

173.     Defendants failed to pay Plaintiffs and the Rule 23 Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

174.     Defendants were required to pay the New York Plaintiffs and the Rule 23 Class Members the full minimum wage at a rate of; (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; (b) $7.25 per hour for all hours worked from July 24, 2009 through the December 30, 2013; (c) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; and (d) $8.75 per hour for all hours worked from December 31,

2014 to the present under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

175.    Prior to January 1, 2011, Defendants failed to furnish with every payment of wages to Plaintiff and the Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the Rule 23 Class Members were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

176.    Prior to January 1, 2011, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Rule 23 Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the Rule 23 Class Members were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

177.    Since January 1, 2011, Defendants have failed to notify Plaintiffs and the Rule 23 Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the Rule 23 Class Members have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

178.    Defendants have required Plaintiffs and the Rule 23 Class Members to share gratuities with Employees who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiffs and the Rule 23 Class Members have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

179.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the Rule 23 Class Members, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

180.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wage
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

181.     Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

182.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

183.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations.

184.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime at a rate of time and one-half their regular hourly rates for all hours worked in excess of 40 per workweek.

185.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the members of the Rule 23 Class.

186.     Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants

have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

187.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law –Tip Misappropriation
### (Brought on behalf of Plaintiffs and the Rule 23 Class Members)

188.     Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

189.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the Rule 23 Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

190.     Defendants unlawfully retained part of the gratuities earned by Plaintiffs and the Rule 23 Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

191.     Defendants required Plaintiffs and the Rule 23 Class Members to share a portion of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

192.     By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by Plaintiffs and the Rule

23 Class Members, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

193.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Failure to Pay Agreed-Upon Earned Wages**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

194.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

195.    The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

196.    Pursuant to NYLL, Article 6 § 191(1)(d), Defendants are required to pay Plaintiffs and the members of the Rule 23 Class the wages they have earned in accordance with the agreed terms of their employment, but not less frequently than semi-monthly, on regular pay days designated in advance by Defendants.

197.    Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiffs' employment. Instead, Defendants have required Plaintiffs and the Rule 23 Class to work up to three weeks in a row without receiving any compensation.

198.    Through their knowing or intentional failure to pay agreed-upon earned wages to Plaintiffs and the members of the Rule 23 Class on at least a semi-monthly basis, Defendants

have willfully violated the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

199.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

200.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

201.    Defendants have required Plaintiffs and the members of the Rule 23 Class to wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiffs and the members of the Rule 23 Class, and that may not be worn as part of Plaintiffs' and the members of the Rule 23 Class' ordinary wardrobes.

202.    Defendants have required Plaintiffs and the members of the Rule 23 Class to bear the costs of tailoring/altering their required uniforms, and have not reimbursed Plaintiffs and the members of the Rule 23 Class for the cost of tailoring/altering their required uniforms.

203.    Defendants have failed to launder and/or maintain the required uniforms for Plaintiffs and the members of the Rule 23 Class, and have failed to pay them the required weekly amount in addition to the required minimum wage.

204.    Through their knowing or intentional failure to pay and/or reimburse Plaintiffs and the members of the Rule 23 Class for the cost and maintenance of required uniforms, Defendants

have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

205.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions from Wages
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

206.    Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

207.    Defendants have made unlawful deductions from the wages of Plaintiffs and the members of the Rule 23 Class.  These deductions included, but were not limited to, deductions for customer complaints and uniform related expenses.

208.    The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not authorized or required by law.

209.    The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not expressly authorized in writing by Plaintiffs and the members of the Rule 23 Class, and were not for the benefit of Plaintiffs and the members of the Rule 23 Class.

210.    Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

211.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Wage Notices**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

212.    Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

213.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

214.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

215.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**TENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

216.    Plaintiffs, on behalf of themselves and the Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

217.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

218.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

219.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class

with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### ELEVENTH CAUSE OF ACTION
#### Fair Labor Standards Act – Retaliation
#### (Brought on behalf of Plaintiffs Orue, Vargas, and Espinoza, individually)

220. Plaintiffs Orue, Vargas, and Espinoza reallege and incorporate by reference all allegations in all preceding paragraphs.

221. Orue refused to work until she received an overdue paycheck that she was legally entitled to under the FLSA and NYLL.

222. Plaintiffs Vargas and Espinoza sent a Demand Letter to Defendants reflecting the wage and hour practices they alleged to be unlawful under the FLSA and NYLL.

223. Defendants terminated Orue's employment in direct response to Orue's refusal to work until she got paid in an effort to enforce her rights under the FLSA.

224. Defendants terminated Orue's employment in order to punish her, and/or to otherwise interfere with her attempts to vindicate her rights under the FLSA.

225. Defendants' termination of Orue's employment constitutes retaliation in violation of 29 U.S.C. § 215(3).

226. Defendants reduced Plaintiffs Vargas' and Espinoza's work schedule in direct response to their Demand Letter.

227. Defendants reduced Plaintiffs Vargas' and Espinoza's work schedule in order to punish them and/or to otherwise interfere with their attempt to vindicate their rights under the FLSA.

228. Defendants' reduction of Plaintiffs Vargas' and Espinoza's work schedules constitutes retaliation in violation of 29 U.S.C. § 215(a)(3).

229.     Plaintiffs Orue, Vargas, and Espinoza have suffered damages including, but not limited to, intimidation, harm to their reputation, legal costs, and delay as a result of Defendants' retaliation.

230.     Due to Defendants' violations of the FLSA, Plaintiffs Orue, Vargas, and Espinoza are entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

### TWELFTH CAUSE OF ACTION
**New York Labor Law – Retaliation**
**(Brought on behalf of Plaintiff Orue, individually)**

231.     Plaintiffs Orue, Vargas, and Espinoza reallege and incorporate by reference all allegations in all preceding paragraphs.

232.     By terminating Orue's employment for refusing to work until she received an overdue paycheck, Defendants have retaliated against Orue, discriminated against her, and penalized her in violation of NYLL § 215.

233.     Defendants terminated Orue's employment in direct response to her refusal to work until she received her overdue paycheck, which was an effort to enforce her rights under the NYLL.

234.     Defendants terminated Orue's employment in order to punish her, and/or to otherwise interfere with her attempt to vindicate her rights under the NYLL.

235.     By reducing Plaintiffs Vargas' and Espinoza's work schedules based solely off of their Demand Letter, Defendants have retaliated against Plaintiffs Vargas and Espinoza, discriminated against them, and penalized them in violation of NYLL § 215.

236.     Defendants reduced Plaintiffs Vargas' and Espinoza's work schedules in direct response to their Demand Letter, which was an effort to enforce their rights under the NYLL.

237.   Defendants reduced Plaintiffs Vargas' and Espinoza's work schedules in order to punish them, and/or to otherwise interfere with their attempt to vindicate their rights under the NYLL.

238.   Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

239.   Plaintiffs Orue, Vargas, and Espinoza have suffered damages including, but not limited to, intimidation, harm to their reputation, legal costs, and delay as a result of Defendants' retaliation.

240.   Due to Defendants' violations of the NYLL, Plaintiffs Orue, Vargas, and Espinoza are entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime compensation, misappropriated tips, uniform-related expenses, unlawful deductions, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.      Statutory penalties of fifty dollars for each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.      Payment to Plaintiffs of the wages earned in accordance with the agreed terms of their employment, not less frequently than semi-monthly, on regular pay days designated in advance by Defendants, as provided for by NYLL, Article 6 § 191, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.      Prejudgment and post-judgment interest;

K.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L.      Reasonable attorneys' fees and costs of the action;

M.     Reasonable service awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for Class and Collective Members and for the risks they took in doing so;

N.     Back pay, front pay, compensatory damages, punitive damages, and attorneys' fees for Plaintiffs Orue, Vargas, and Espinoza pursuant to 29 U.S.C. § 215(3) and NYLL Article 7, § 215; and

O.     Such other relief as this Court shall deem just and proper.

Dated:     New York, New York
           July 21, 2015

Respectfully submitted,

_____
  Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Artisanal and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.



_____
Signature


MORENA  ORUE
_____
Full Legal Name (Print)

<u>FORMULARIO DE CONSENTIMIENTO DE UNIÓN</u>

1.      Doy mi consentimiento para ser parte demandante en una demanda contra Artisanal y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 U.S.C. § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial.  Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes.  Entiendo que la Firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente (1) la suma "lodestar," que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

_____
Firma (Signature)

GLENN SALAZAR VARGAS
_____
Nombre legal completo (Imprenta) (Full Legal Name (Print))

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra Artisanal y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 U.S.C. § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial.  Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes.  Entiendo que la Firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente (1) la suma "lodestar," que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.


_____
Firma (Signature)


_Alfonso  Vicario  Espinoza_
Nombre legal completo (Imprenta) (Full Legal Name (Print))