# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORENA ORUE, GLENN SALAZAR VARGAS, and ALFONSO VICARIO ESPINOZA, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     -against-<br><br>ARTISANAL FROMAGERIE & BISTRO, LLC, VINCENT S. BONFITTODRORY a/k/a "SARID DRORY," and TERRANCE BRENNAN,<br><br>                              Defendants. | 15 Civ. 05727 (KPF) |

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Glenn Salazar Vargas, Alfonso Vicario Espinoza, Fausto Guaman, Lazaro Amel, Vicente Amador Reyes, Angel Guaman, and Alejandro Ruiz (collectively, "Plaintiffs") and Terrance Brennan ("Defendant" and together with Plaintiffs referred to herein as "the Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, all claims against Defendant in the lawsuit captioned *Morena Orue v. Artisanal Fromagerie & Bistro, LLC et al.*, Case No. 15 Civ. 05727 (KPF), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiffs and Defendant agree as follows:

1.    **Consideration.**  In consideration for Plaintiffs' timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiffs contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiffs with the total settlement sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) ("the Settlement Amount"), in consideration for and in full satisfaction of all wage and hour claims Plaintiffs may have against Defendant, known or unknown, asserted or unasserted, through the date of their complete execution of the Agreement.  Such payment shall be apportioned as follows:

(a) The Settlement Amount shall be apportioned among Plaintiffs and Plaintiffs' counsel in accordance with the Schedule appended hereto as Exhibit "A."

(b) For tax purposes, 50% of payments to Plaintiffs made in accordance with the Schedule appended hereto shall be treated as back wages and subject to Form W-2 reporting, and 50% of such payments shall be treated as federal and state

liquidated damages, and prejudgment interest and subject to Form 1099 reporting.

(c) The payments set forth in the Schedule attached as Exhibit "A" will be sent to Plaintiffs' counsel of record, Fitapelli & Schaffer, LLP, within forty-five (45) days after the latest of the following: (i) Defendant's counsel is in receipt from Plaintiffs of two (2) originals of this Agreement executed by Plaintiffs; (ii) Defendant's counsel is in receipt of an executed W-9 from each Plaintiff and Plaintiffs' counsel; and (iii) Defendant's counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice in the form attached hereto as Exhibit "B" signed and entered by the Court.

2.     **No Consideration Absent Execution of this Agreement.**  Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

3.     **Tax Liability**.  Plaintiffs shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against them upon such settlement sums set forth in Paragraph 1 above. Plaintiffs further agree to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiffs, but specifically excluding any employer-paid payroll taxes, that may be assessed against them in connection with those sums.  Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendant or his counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.     **Release of Claims.**  Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant and his agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour claims which Plaintiffs have or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), any claim for retaliation in violation of the FLSA and/or NYLL and any other claim for unpaid wages or overtime, including attorneys' fees and costs, based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

5.     **Acknowledgments and Affirmations.**  Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party to any claim against Defendant except for the Lawsuit, which they agree to the dismissal of with prejudice.

Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.   To the extent permitted by law, Plaintiffs agree that if such an

administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Procedure**.   After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice ("the Stipulation") are fully-executed by the Parties, the Parties will jointly submit the Agreement and Stipulation to the Court for the Court's consideration and approval.  The Court's approval of all provisions of this Agreement is a material term of this Agreement.

7. **Governing Law and Interpretation.**   This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision.   The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms.   In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.**   This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.**   This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.   Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFFS ARE ADVISED THAT PLAINTIFFS HAVE HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEYS PRIOR TO EXECUTING THIS AGREEMENT, WHICH PLAINTIFFS ACKNOWLEDGE AND AGREE THAT THEY HAVE DONE.**

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO**

**WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINITFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.**

    The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

            GLENN SALAZAR VARGAS

Dated:  _____, 2016       _____
             Glenn Salazar Vargas

            ALFONSO VICARIO ESPINOZA

Dated:  _____, 2016       _____
             Alfonso Vicario Espinoza

            FAUSTO GUAMAN

Dated:  _____, 2016       _____
             Fausto Guaman

            LAZARO AMEL

Dated:  _____, 2016       _____
             Lazaro Amel

VICENTE AMADOR REYES

Dated: _____, 2016

_____
Vicente Amador Reyes

ANGEL GUAMAN

Dated: _____, 2016

_____
Angel Guaman

ALEJANDRO RUIZ

Dated: _____, 2016

_____
Alejandro Ruiz

TERRANCE BRENNAN

Dated: _____, 2016

_____
Terrance Brennan

# EXHIBIT "A"

| Plaintiff/Plaintiffs' Counsel | W-2 Amount | 1099 Amount | Total Settlement Payment |
|---|---|---|---|
| Glenn Salazar Vargas | $ 1,251.94 | $ 1,251.94 | $ 2,503.88 |
| Alfonso Vicario Espinoza | $1,540.50 | $1,540.50 | $3,081.00 |
| Fausto Guaman | $1,708.57 | $1,708.57 | $3,417.14 |
| Lazaro Amel | $1,639.69 | $1,639.69 | $3,279.38 |
| Vicente Amador Reyes | $841.35 | $841.35 | $1,682.70 |
| Angel Guaman | $1,618.49 | $1,618.49 | $3,236.98 |
| Alejandro Ruiz | $1,399.46 | $1,399.46 | $2,798.92 |
| Fitapelli & Schaffer, LLP | | $ 10,000.00 | $ 10,000.00 |
| **Total** | **$10,000** | **$20,000** | **$30,000** |

2

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORENA ORUE, GLENN SALAZAR VARGAS, and ALFONSO VICARIO ESPINOZA, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    -against-<br><br>ARTISANAL FROMAGERIE & BISTRO, LLC, VINCENT S. BONFITTODRORY a/k/a "SARID DRORY," and TERRANCE BRENNAN,<br><br>                              Defendants. | 15 Civ. 05727 (KPF) |

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Morena Orue, Glenn Salazar Vargas, Alfonso Vicario Espinoza, Fausto Guaman, Lazaro Amel, Vicente Amador Reyes, Angel Guaman, and Alejandro Ruiz (collectively "Plaintiffs") and Defendant Terrance Brennan that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, the above-captioned action shall be dismissed as against Defendant Terrance Brennan by Plaintiffs in its entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release. The Court shall retain jurisdiction as to enforcement of the settlement agreement.

Respectfully submitted,


FITAPELLI & SCHAFFER, LLP                JACKSON LEWIS P.C.
28 Liberty Street, 25th Floor                666 Third Avenue, 29th Floor
New York, New York 10005                 New York, New York 10017
(212) 300-0375                           (212) 545-4000

By:  _____        By:  _____
     Brian Schaffer                       Jason A. Zoldessy

     ATTORNEYS FOR PLAINTIFFS             ATTORNEYS FOR DEFENDANT
                                          TERRANCE BRENNAN

Dated: _____, 2016          Dated: _____, 2016

SO ORDERED on this _____ day of _____, 2016.


_____
Hon. Katherine Polk Failla
United States District Judge

2