UNITED STATES DISTRICT COURT　　　　　　Return Date and Time:
SOUTHERN DISTRICT OF NEW YORK　　　　April 24, 2017 at 11:00 a.m.
---------------------------------------------------------------x
MORENA ORUE, et al.,　　　　　　　　　　　Civil Action No. 15 Civ. 5727 (KPF)

　　　　　　　　　　Plaintiffs,

　　　　v.

ARTISANAL FROMAGERIE & BISTRO, LLC, et al.

　　　　　　　　　　Defendants.
---------------------------------------------------------------x

## DECLARATION OF SARID DRORY

Sarid Drory declares the following to be true and correct under penalties of perjury, pursuant to 28 U.S.C. §1746:

1. I am one of the individual defendants herein, and the subject of this Court's Order dated April 3, 2017 scheduling a hearing for April 25, 2017 at 11:00 a.m. to consider holding me in contempt for failing to consummate a prior settlement of this case, and for making alleged misrepresentations relating to my assets and involvement in a new restaurant enterprise, pursuant to which a lease has been executed under Artisanal 2015 LLC (real estate holding company) and Two Thousand Fifteen Artisanal LLC (operating company) (collectively the "New Restaurant").

2. I truly regret that the matter has deteriorated to this point, but I do not think I have been properly represented either during the original settlement or the recent post-settlement enforcement proceedings. I have retained new counsel to actually review all of the relevant papers and to prepare a clear statement on my behalf.

3. Unfortunately, Mr. Liga made statements to the Court on March 1, 2017 with respect to documents that he did not actually review. My personal understanding of the

1

ownership structure of the New Restaurant is different from what certain of the documents may indicate, which contributed to the inaccuracies that I hope to correct.

4. I sincerely apologize for the situation, and I hope to move forward with the settlement based upon my renewed commitment to arrange for funding of the sum of approximately $150,000, although I request a period of time to do so based upon a series of installment payments.

5. I intend to tender a Bank Check in the sum of $40,000 on May 1, 2017 as a partial payment, and intend to satisfy the balance of the settlement amount of approximately $110,000 over a period of one year's time. I am borrowing funds to make the initial payment from my girlfriend, Stephanie Schulman, who requires several days to liquidate certain of her personal securities to fund the $40,000.

6. Contrary to the Plaintiffs' contentions, however, I am subject to significant unpaid debts, tax liens and judgments, and I am trying to rebuild my business career.

7. I think it is best that the Court have the benefit of my personal declaration, so that my actual finances can be evaluated in the context of the proposed repayment plan.

8. Additionally, I am also seeking to obtain an expansion of the settlement to cover all potential class members so this type of lawsuit does not repeat itself.

9. In executing the settlement, I was operating under the mistaken assumption, based upon my insurance broker's opinion, that the Plaintiffs' claims, arising in a class action employment context, were covered by Employment Practices Liability Insurance in place for the period from December 9, 2014 through December 9, 2015 for Artisanal Fromagerie & Bistro, LLC (the "First Restaurant"). A copy of this policy is annexed hereto as <u>Exhibit</u> "A".

10. I negotiated the settlement in reliance on the availability of insurance coverage to pay the Plaintiffs. At the time, the First Restaurant itself was faltering, and filed a Chapter 11 petition on August 12, 2016. A copy of the ECF docket for this Chapter 11 case is annexed hereto as <u>Exhibit "B"</u>.

11. I only recently became aware that Plaintiffs' Wage and Hour Law claims are excluded from the insurance policy, which mainly covers employee harassment and improper termination claims. My insurance broker also believed these claims were covered and worked with the subinsurance broker to try to get them covered, to no avail. Without the insurance, it is extremely difficult for me to fund the settlement, particularly since the First Restaurant subsequently closed and the Chapter 11 case was dismissed on April 13, 2017, pursuant to the attached Order annexed hereto as <u>Exhibit "C"</u>, leaving me with no current income.

12. Before dismissal of the First Restaurant's Chapter 11 case, an issue was raised relating to my relationship with Stephanie Schulman and the ownership structure of the New Restaurant. At the request of the Bankruptcy Court, the Office of the U.S. Trustee investigated whether there was an improper transfer of assets between the First Restaurant, Ms. Schulman and the New Restaurant.

13. The Bankruptcy Court requested that the U.S. Trustee make proper inquiry and file a report as to whether fraudulent conveyance claims were warranted, which would have prompted a conversion of the Restaurant's Chapter 11 case rather than dismissal.

14. My bankruptcy attorneys and I cooperated with the U.S. Trustee, which filed a letter on April 10, 2017, supporting dismissal of the Chapter 11 case because the U.S. Trustee "is aware of no compelling evidence to support a fraudulent conveyance claim." A copy of the U.S. Trustee's letter is annexed hereto as <u>Exhibit "D</u>.

15. I also settled the First Restaurant's dispute with the landlord in exchange for a full release. Based on the U.S. Trustee letter and in light of the support from the landlord, the Bankruptcy Court dismissed the Chapter 11 case on April 13, 2017 (*See*, Exhibit "C", above).

16. My girlfriend, Ms. Schulman, is not a restaurateur, but she believes in me. I will manage the new restaurant's day-to-day operations and retain a small membership interest.

17. Ms. Schulman is a former attorney who has not practiced law in approximately 10 years. She is engaged in the financial industry, primarily raising capital from third parties. Much of the funds for the New Restaurant have been raised by Ms. Schulman from third parties.

18. I was an original member of the New Restaurant, holding a 50% membership interest with Ms. Schulman. The bulk of this membership was transferred to Ms. Schulman on December 22, 2015, pursuant to the attached agreement annexed hereto as Exhibit "E". The transfer was made in consideration of both Ms. Schulman's personal loans to me and investments in connection with the First Restaurant, for which she was listed as the largest creditor with a claim of $2.5 million. With no recovery available on this claim, Ms. Schulman requested that I transfer my interest in the New Restaurant to her, which was done in 2015.

19. Following the transfer, I remain the operating manager of the New Restaurant, with a membership interest of 1% in the New Restaurant, held mainly for regulatory purposes.[1] Accordingly, I look upon Ms. Schulman and her investors as the actual financial investors and owner.

20. To be sure, when we signed the lease for the New Restaurant in October 2015, I held a 50% interest before it was transferred to Ms. Schulman on December 22, 2015. I also

---

[1] The lease is held by Artisanal 2015 LLC, which I have a 1% interest and signed as a guarantor. I am the manager of the operating company, Two Thousand Fifteen Artisanal LLC, but hold no current membership interest in this company.

signed a personal guarantee in favor of the landlord along with Ms. Schulman. That guarantee continues against both of us, and I have filed papers on behalf of the New Restaurant as the "Managing Partner", a title meant to signify that I manage day-to-day operations.

21. The New Restaurant has had its own share of difficulties, arising out of delays in the completion of the remodeling of the premises, and a dispute with the landlord over a mechanic's lien. The landlord threatened to terminate the lease, leading to a Chapter 11 bankruptcy filing by the New Restaurant on March 9, 2017. The matters were shortly resolved, and the second Chapter 11 filing was subsequently dismissed on March 24, 2017. Copies of the ECF Docket for the New Restaurant Chapter 11 case and the Order Dismissing the Chapter 11 case are annexed hereto as Exhibits "F" and "G", respectively.

22. The monies to acquire the trade names, sign a new lease, and remodel the New Restaurant were funded or raised by Ms. Schulman. Outside of my limited membership interest in the New Restaurant, I have no other significant current assets.

23. I have no personal bank accounts, and do not yet draw a salary or management fee from the New Restaurant. Under the proposed offering term sheet to investors for the New Restaurant, I am listed as day-to-day manager with the ability to receive a management fee of up to 5%. A copy of the term sheet is annexed as Exhibit "H".

24. Besides this lawsuit, I also have significant other debts. I am subject to an IRS lien and a New York State Department of Taxation judgment in the sum of $626,892.50, a copy of which judgment is annexed hereto as Exhibit "I", as well as having personal liability for some of the debts remaining from the First Restaurant, and loans made to fund the New Restaurant.

25. Due to the lack of income, my last tax return was filed covering 2014. A redacted copy of this tax return is attached hereto as Exhibit "J".

26. Finally, I obtained a letter from my accountants, annexed hereto as <u>Exhibit</u> "K", explaining my current financial situation.

27. I clearly understand that is now incumbent upon me to fund the settlement even if my finances are limited. Accordingly, I made arrangements to borrow the initial sum of $40,000 from Ms. Schulman, and will fund the balance of the settlement from future salary and management fees after the expected opening of the New Restaurant in the Fall of 2017, and potentially from additional loans from third parties, to the extent possible.

28. Not to stretch the patience of the Court, I also request that if the settlement can be put back on a clear path to consummation, that the parties, to the extent permissible, certify a class so that the settlement covers all former employees of the First Restaurant, and I will not face the prospect of another set of claims and lawsuits.

Dated: New York, NY
April 24, 2017

_____
Sarid Drory