USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 28, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORENA ORUE, GLENN SALAZAR VARGAS, and ALFONSO VICARIO ESPINOZA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ARTISANAL FROMAGERIE & BISTRO, LLC, VINCENT S. BONFITTODRORY a/k/a "SARID DRORY," and TERRANCE BRENNAN,<br><br>Defendants. | No. 15-CV-5727 (KPF)<br><br><br><br>STIPULATION AND ORDER |

This Stipulation is made by and between Plaintiffs Morena Orue, Glenn Salazar, Alfonso Espinoza, Jing Xia Huang, Fausto Guaman, Kelvin Lopez, Lazaro Amel, Vicente Reyes, Angel Guaman, Trinidad Romano, Angel Acosta, and Alejandro Ruiz (collectively, "Plaintiffs"), and Artisanal Fromagerie & Bistro, LLC, Vincent S. Bonfittodrory a/k/a "Sarid Drory" (collectively, "Defendants"), and Stephanie Schulman (hereinafter, "Ms. Schulman"). This Stipulation is to resolve Defendants' breach of the settlement agreement (ECF No. 78), which was approved by this Court on July 28, 2016 (ECF No. 79) (hereinafter, the "Settlement Agreement"). All of the terms of the Settlement Agreement are incorporated by reference into this Stipulation.

WHEREAS, Defendants breached the Settlement Agreement by failing to tender payment in the amount of One Hundred Fifty-One Thousand Two Hundred Twenty-Five Dollars and Zero Cents ($151,225.00) on or before September 12, 2016.

WHEREAS, on April 25, 2017, the Court held a contempt hearing. (*See* ECF No. 120.) During that hearing, the Parties reached an agreement that Defendants would pay a total of One Hundred Seventy-Five Thousand Dollars and Zero Cents ($175,000.00) (hereinafter, the "Settlement

Amount") in seven (7) installments. This amount includes the original settlement amount of $151,225.00 as stated in the Settlement Agreement, in addition to Plaintiffs' counsel's attorneys' fees and costs of Twenty-Three Thousand Seven Hundred Seventy-Five Dollars and Zero Cents ($23,775.00) incurred in enforcing the terms of the Settlement Agreement since Defendants' breach.

WHEREAS, on September 18, 2017, Defendants expressed concerns of financial hardship that would result in them failing to make the necessary installments as originally agreed. To date, a total of seventy thousand dollars ($70,000.00) has been paid.

NOW THEREFORE, the Parties and non-Party Stephanie Schulman have reached an agreement to modify the Settlement Agreement as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys that:

1. Defendants will pay the remaining One Hundred Five Thousand Dollars and Zero Cents ($105,000.00) (hereinafter, the "Outstanding Balance") as follows: payment of $10,000 by December 5, 2017; payment of $10,000 by January 31, 2018; payment of $5,000 by May 31, 2018; payment of $5,000 by June 30, 2018; payment of $30,000 by July 31, 2018; payment of $5,000 by August 31, 2018; payment of $5,000 by September 30, 2018; payment of $5,000 by October 31, 2018; and payment of $30,000 by December 31, 2018 ("Payments"). Defendants and Guarantor shall have a grace period of ten (10) business days to cure any late Payment before Plaintiffs may commence any enforcement proceedings.

2. Should Artisanal 2015, LLC, sell its interest in the lease for the property located at 387 Park Avenue South, New York, New York 10016, the payment shall be accelerated and due within ten (10) business days from the date of the receipt of their interest in residual proceeds by Ms. Schulman and/or Defendants.

3. Each payment totaling ten thousand dollars ($10,000.00) shall be allocated as follows:

   a. One check payable to "**Morena Orue**" in the gross amount of **$290.79**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Morena Orue**" in the amount of **$290.79** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   b. One check payable to "**Glenn Salazar Vargas**" in the gross amount of **$434.76**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Glenn Salazar Vargas**" in the amount of **$434.76** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   c. One check payable to "**Alfonso Vicario Espinoza**" in the gross amount of **$457.45**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alfonso Vicario Espinoza**" in the amount of **$457.45** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   d. One check payable to "**Jing Xia Huang**" in the gross amount of **$112.47**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Jing Xia Huang**" in the amount of **$182.47** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   e. One check payable to "**Fausto Guaman**" in the gross amount of **$230.07**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Fausto Guaman**" in the amount of **$230.07** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

f.  One check payable to "**Kelvin Eddy Lopez**" in the gross amount of **$92.01**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Kelvin Eddy Lopez**" in the amount of **$92.01** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

g.  One check payable to "**Lazaro Amel**" in the gross amount of **$232.10**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Lazaro Amel**" in the amount of **$232.10** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

h.  One check payable to "**Vicente Amador Reyes**" in the gross amount of **$337.10**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Vicente Amador Reyes**" in the amount of **$337.10** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

i.  One check payable to "**Angel Guaman**" in the gross amount of **$224.99**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Angel Guaman**" in the amount of **$224.99** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

j.  One check payable to "**Trinidad Romano**" in the gross amount of **$80.65**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Trinidad Romano**" in the amount of **$80.65** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

k.  One check payable to "**Angel Acosta**" in the gross amount of **$112.22**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and

one check payable to "**Angel Acosta**" in the amount of **$112.22** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

l. One check payable to "**Alejandro Ruiz**" in the gross amount of **$226.98**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alejandro Ruiz**" in the amount of **$226.98** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099; and

m. One check payable to "Fitapelli & Schaffer, LLP" in the amount of **$4,266.82** for attorneys' fees and expenses, which shall be reportable on an IRS Form 1099.

4. Each payment of Five Thousand Dollars ($5,000.00) shall be allocated as follows:

   a. One check payable to "**Morena Orue**" in the gross amount of **$145.39**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Morena Orue**" in the amount of **$145.40** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   b. One check payable to "**Glenn Salazar Vargas**" in the gross amount of **$217.38**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Glenn Salazar Vargas**" in the amount of **$217.48** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   c. One check payable to "**Alfonso Vicario Espinoza**" in the gross amount of **$228.72**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alfonso Vicario Espinoza**" in the amount of **$228.73** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    d. One check payable to "**Jing Xia Huang**" in the gross amount of **$73.73**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Jing Xia Huang**" in the amount of **$73.74** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    e. One check payable to "**Fausto Guaman**" in the gross amount of **$115.03**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Fausto Guaman**" in the amount of **$115.04** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    f. One check payable to "**Kelvin Eddy Lopez**" in the gross amount of **$46.00**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Kelvin Eddy Lopez**" in the amount of **$46.01** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    g. One check payable to "**Lazaro Amel**" in the gross amount of **$116.05**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Lazaro Amel**" in the amount of **$116.05** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    h. One check payable to "**Vicente Amador Reyes**" in the gross amount of **$168.55**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Vicente Amador Reyes**" in the amount of **$168.55** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

    i. One check payable to "**Angel Guaman**" in the gross amount of **$112.49**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and

one check payable to "**Angel Guaman**" in the amount of **$112.50** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

j. One check payable to "**Trinidad Romano**" in the gross amount of **$40.76**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Trinidad Romano**" in the amount of **$40.78** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

k. One check payable to "**Angel Acosta**" in the gross amount of **$56.11**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Angel Acosta**" in the amount of **$56.11** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

l. One check payable to "**Alejandro Ruiz**" in the gross amount of **$113.49**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alejandro Ruiz**" in the amount of **$113.49** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099; and

m. One check payable to "Fitapelli & Schaffer, LLP" in the amount of **$2,133.42** for attorneys' fees and expenses, which shall be reportable on an IRS Form 1099.

5. Each payment of thirty thousand dollars ($30,000.00) shall be allocated as follows:

   a. One check payable to "**Morena Orue**" in the gross amount of **$872.37**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Morena Orue**" in the amount of **$872.37** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

   b. One check payable to "**Glenn Salazar Vargas**" in the gross amount of **$1,304.28**, less lawful deductions and tax withholdings, which shall be reportable on an IRS

Form W-2, and one check payable to "**Glenn Salazar Vargas**" in the amount of $1,304.28 for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

c. One check payable to "**Alfonso Vicario Espinoza**" in the gross amount of $1,372.36, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alfonso Vicario Espinoza**" in the amount of $1,372.36 for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

d. One check payable to "**Jing Xia Huang**" in the gross amount of $337.41, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Jing Xia Huang**" in the amount of $547.41 for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

e. One check payable to "**Fausto Guaman**" in the gross amount of $690.20, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Fausto Guaman**" in the amount of $690.21 for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

f. One check payable to "**Kelvin Eddy Lopez**" in the gross amount of $276.01, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Kelvin Eddy Lopez**" in the amount of $276.02 for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

g. One check payable to "**Lazaro Amel**" in the gross amount of $696.30, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and

      one check payable to "**Lazaro Amel**" in the amount of **$696.31** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

h. One check payable to "**Vicente Amador Reyes**" in the gross amount of **$1,011.29**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Vicente Amador Reyes**" in the amount of **$1,011.29** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

i. One check payable to "**Angel Guaman**" in the gross amount of **$674.96**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Angel Guaman**" in the amount of **$674.97** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

j. One check payable to "**Trinidad Romano**" in the gross amount of **$241.93**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Trinidad Romano**" in the amount of **$241.94** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

k. One check payable to "**Angel Acosta**" in the gross amount of **$336.66**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Angel Acosta**" in the amount of **$336.67** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099;

l. One check payable to "**Alejandro Ruiz**" in the gross amount of **$680.94**, less lawful deductions and tax withholdings, which shall be reportable on an IRS Form W-2, and one check payable to "**Alejandro Ruiz**" in the amount of **$680.95** for liquidated damages or penalties, which shall be reportable on an IRS Form 1099; and

    m. One check payable to "Fitapelli & Schaffer, LLP" in the amount of **$12,800.51** for attorneys' fees and expenses, which shall be reportable on an IRS Form 1099

6. The Settlement Amount includes and covers all wage and hour claims as stated in the Fully Executed Settlement Agreement. *See* Settlement Agreement, ECF Nos. 78, 79. The Defendants reserve all claims against Terrance Brennan.

7. Upon request, Defendants shall deliver appropriate documentation from the payroll company and/or accountant stating that payroll taxes in connection with the Settlement Payments were remitted to the appropriate taxing authority.

8. As an accommodation to Defendants, Ms. Schulman shall personally guaranty the remaining balance of the Settlement Amount ($105,000.00) pursuant to the Personal Guaranty attached hereto as **Exhibit A** (the "Personal Guaranty"). Except for her Personal Guaranty, Ms. Schulman shall have no other debts or obligations in connection with this case, and Ms. Schulman is acting solely as an accommodation party without conferring any responsibility as an officer or agent of the Defendants.

9. Plaintiffs, Defendants and Ms. Schulman consent to the jurisdiction of this Court for all purposes related to the enforcement of this Stipulation and the Personal Guaranty. Moreover, the Court will hold Defendant Drory's contempt hearing open until the full Settlement Amount is paid.

10. In the event: (i) Defendants fail to timely make any of the installments set forth above; (ii) Defendants and/or Ms. Schulman file for bankruptcy before the total Settlement Amount is paid; or (iii) any of the payment checks fail to clear (*i.e.*, bounces), Plaintiffs' counsel shall provide, by electronic mail, a notice to cure default to Defendants' counsel – Kevin J. Nash, Esq. of Goldberg, Weprin, Finkel & Goldstein LLP, at knash@gwfglaw.com – and Ms.

Stephanie Schulman at sfs226@yahoo.com and her counsel – Nancy Temple of Katten & Temple, LLP, at ntemple@kattentemple.com. Defendants and Ms. Schulman shall have ten (10) business days from and including the date on which the notice to cure default was e-mailed. If the default is not cured within the ten (10) business days, the remaining balance owed hereunder will be accelerated and shall become due and collectible. Defendants consent to entry of judgment in favor of Plaintiffs in United States District Court for the Southern District of New York, for the unpaid balance of the Outstanding Balance, along with reasonable attorneys' fees incurred in entering and enforcing the judgment. Ms. Schulman shall have no liability for any attorneys' fees and costs incurred in entering and enforcing the judgment against Defendants Artisanal Fromagerie & Bistro LLC and Vincent S. Bonfittodrory a/k/a "Sarid Drory." However, Ms. Shulman remains liable for any reasonable attorneys' fees and actual costs incurred in enforcing the Personal Guaranty.

11. In the event Defendants and/or Ms. Schulman do not cure default within the ten (10) business days, Plaintiffs shall be entitled to file a lawsuit to enforce the Personal Guaranty. Plaintiffs agree that this Personal Guaranty shall be held in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until Defendants and Ms. Schulman fail to make payments and cure default as set forth above. Ms. Schulman further agrees to waive the right to seek or otherwise obtain any stay of execution and/or seek relief under any benefit arising under any exemption laws now or hereafter in effect.

12. The Personal Guaranty is given solely to secure Plaintiffs in the installment payments of the Outstanding Balance as agreed to herein.

13. In the event a lawsuit is filed to enforce the Personal Guaranty, Ms. Schulman consents to the entry of judgment in Plaintiffs' favor for the unpaid balance of the Outstanding Balance,

and shall be required to provide Plaintiffs' attorneys with a Personal Financial Statement ("PFS") within twenty-eight (28) days of being served process of the enforcement action. The PFS shall include the following financial information, if applicable: (a) all personal and corporate checking, savings, and money market account numbers to which they are signatories; (b) all brokerage stock, bond and/or mutual fund accounts to which they are signatories; (c) a list of all real properties in which they have an ownership interest; (d) a list of all corporations in which they have an ownership interest; and (e) a list of all automobiles in which they have an ownership interest.

14. In the event that Plaintiffs and/or Plaintiffs' attorney(s) come into possession of financial information relating to Ms. Schulman and Ms. Schulman's finances, including personal financial statements (except those available via Court filings), then Plaintiffs and Plaintiffs' attorney, personally and on behalf of Plaintiffs' attorney's firm, hereby agree that such information will not be disclosed or disseminated to any third parties unless directed to do so by a court of competent jurisdiction, to enforce the terms of this Stipulation and/or the Personal Guaranty, or for collection purposes. Plaintiffs' attorneys agree that upon completion of the payments to be made hereunder, they shall destroy all financial information (that is not available via Court filings) relating to Ms. Schulman, they then hold and shall not keep a record thereof. Failure to abide by the non-disclosure provisions of this paragraph shall subject Plaintiffs and Plaintiffs' attorneys to enforcement actions in this Court.

15. Additionally, should Defendants and/or Ms. Schulman fail to cure any default, the Court may hold Defendant Drory in contempt, and may incarcerate Defendant Drory in order to compel compliance with the terms of this Stipulation based upon a proper showing. Under no

circumstances, however, can Ms. Schulman be subject to contempt penalties or incarceration for breach of this Stipulation, and Plaintiffs may seek only entry of a money judgment against her.

Dated: New York, New York
November 27, 2017

FITAPELLI & SCHAFFER, LLP

By: _____
Nicholas P. Melito
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
*Attorneys for Plaintiffs*

GOLDBERG, WEPRIN,
FINKEL & GOLDSTEIN, LLP

By: _____
Kevin J. Nash J. Ted Donovan
1501 Broadway, 22nd Floor
New York, New York 10036
Telephone: (212) 301-6944
*Attorneys for Defendants*

KATTEN & TEMPLE, LLP

By: _____
Nancy A. Temple
542 S. Dearborn Street, 14th Floor
Chicago, IL 60605
(312) 663-0800
*Attorneys for Stephanie Schulman*

SO ORDERED:

_____
Katherine Polk Failla, U.S.D.J.

Dated:   November 28, 2017
         New York, New York

- 13 -