# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH *▲†
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ

J. TED DONOVAN
DORAN I. GOLUBTCHIK
MICHELLE A. McLEOD*
ARTHUR A. HIRSCHLER
ELI D. RAIDER
HOWARD S. BONFIELD
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIC ZARATIN
JOHN P. HOGAN
AVROHOM C. POSEN*
ANNA ARELLANO
NEIL I. ALBSTEIN*
GREGORY C. RICHMAND

J. Ted Donovan, Esq.
Direct: (212) 301-6943
Facsimile: (212) 422-6836
TDonovan@gwfglaw.com

22ND FLOOR
1501 BROADWAY
NEW YORK, N.Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518

BENJAMIN C. KIRSCHENBAUM
ROBERT A. KANDEL
(OF COUNSEL)

EMANUEL GOLDBERG (1904-1988)
JACK WEPRIN (1930-1996)
BENJAMIN FINKEL (1905-1986)

* ALSO MEMBER OF NEW JERSEY BAR
▲ ALSO MEMBER OF TEXAS BAR
† ALSO MEMBER OF MASSACHUSETTS BAR
ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR

October 10, 2018

*Via ECF Filing*
Hon. Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

Re: MORENA ORUE, et al., v. ARTISANAL FROMAGERIE & BISTRO, LLC, et al. - Case No. 15 Civ. 5727 (KPF)

Dear Judge Failla:

In advance of the telephone conference scheduled for October 12, 2018, on behalf of my client, Sarid Drory, I wanted to provide some background as to where the parties stand.

Mr. Drory and the guarantor of the settlement that was previously approved by the Court, Stephanie Schulman, have made payments to the plaintiffs totaling $105,000 to date. Unfortunately, the restaurant never opened, and Mr. Drory has been unemployed since it failed. The failure of the restaurant caused severe financial burden and near economic ruin for Ms. Schulman as well. Despite this, and mounting debts, Ms. Schulman managed with great difficulty to meet the required payments under the settlement, until she lost her job seven months ago when the investment firm she worked for conducted large layoffs, and the department she worked for unexpectedly closed, without prior notice or severance pay. Even then, she continued to fund the $5,000 per month payments from her IRA until it was fully liquidated. Understandably, thereafter she was unable to make the $30,000 guaranty payment due on July 31, 2018.

Discussions were initiated with plaintiff's counsel, Arsenio Rodriguez, Esq., about revising the stipulation. Ultimately, agreement was reached to provide for $5,000 per month payments through January 2019, with two payments of $25,000 each due in February and March

2019, by which time Ms. Schulman is hopeful she will have found a new position and will be in a better financial standing. However, by the time the papers were circulated, the Jewish holidays had begun, making it difficult to finalize the documents with Mr. Drory and Ms. Schulman.

Although I initially hoped that the papers could simply be signed and payments commenced, there were minor issues which needed to be ironed out. First, the execution copy of the revision document circulated by Mr. Rodriguez included an incorrect referenced attachment belonging to a different matter, which led to confusion that took several days to straighten out because of the intervening holidays.

Second, there was concern over the due dates of the payments, which needed to be updated to work around the Jewish religious observance days. For each payment, there is a long process as a wire is sent to the law firm of Robinson Brog, which is acting as escrow agent, and then sends the monies to a third party CPA firm, which firm calculates the withholdings, prepares the checks, makes the necessary deposits with the taxing authorities, and then mails out the checks to plaintiffs' counsel. This process has, in the past, taken anywhere from two to five business days, leading to technical defaults. Accordingly, a proposal was formulated to tie due date to the wire transfer instead of the delivery date of the checks.

Although agreement had been previously reached, when the holidays were over and we were able the clarify issues and propose the change in the due date of the payments, Mr. Rodriguez had, without notice, already submitted his proposed judgment. Further, plaintiffs declined to accept the agreed revision as last presented, much less discuss the further modification.

Given the current financial status of Mr. Drory and Ms. Schulman, they are essentially judgment proof, having now exhausted even the last IRA. In the meantime, another judgment was recently entered against both of them in connection with the failed restaurant. Notwithstanding all of this, Mr. Drory and Ms. Schulman remain committed to trying to conclude this matter in the amount previously agreed, subject to a time table that they can actually meet through adjustments to deal with their situation.

Accordingly, we look forward to the conference in the hope that a solution may be found short of the entry of the proposed default judgment.

Respectfully yours,

J. Ted Donovan, Esq.

Cc: Arsenio Rodriguez, Esq. (Via Email)
Nancy A. Temple, Esq. (Via Email)
Ms. Stephanie Schulman (Via Email)
Mr. Sarid Drory (Via Email)