# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH*^†
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ

J. TED DONOVAN
DORAN I. GOLUBTCHIK
MICHELLE A. McLEOD°
ARTHUR A. HIRSCHLER
ELI D. RAIDER
HOWARD S. BONFIELD
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN
JOHN P. HOGAN
AVROHOM C. POSEN*
ZACHARY D. KUPERMAN*
JASON D. WEADERHORN
ANNA ARELLANO
NEIL I. ALBSTEIN*
GREGORY C. RICHMAND
VASILIOS VLAHAKIS

J. Ted Donovan, Esq.
Direct: (212) 301-6943
Facsimile: (212) 422-6836
TDonovan@gwfglaw.com

22ND FLOOR
1501 BROADWAY
NEW YORK, N.Y. 10036
(212) 221-5700
TELECOPIER (212) 730-4518

BENJAMIN C. KIRSCHENBAUM
ROBERT A. KANDEL
(OF COUNSEL)

EMANUEL GOLDBERG (1904-1988)
JACK WEPRIN (1930-1996)
BENJAMIN FINKEL (1905-1986)

* ALSO MEMBER OF NEW JERSEY BAR
^ ALSO MEMBER OF TEXAS BAR
† ALSO MEMBER OF MASSACHUSETTS BAR
° ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR

July 24, 2019

*Via*
Hon. Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

Re: MORENA ORUE, et al., v. ARTISANAL FROMAGERIE & BISTRO, LLC, et al. - Case No. 15 Civ. 5727 (KPF)

Dear Judge Failla:

As instructed during our conference call of July 18, 2019, this letter is written on behalf of Sarid Drory and Stephanie Schulman setting forth their position with respect to the entry of a default judgment.

Under the terms of the Stipulation and Order entered by the Court on November 28, 2017 (ECF #150), a payment of $25,000 was due on April 20, 2019. Plaintiff served a notice of default on April 23, 2019.

In response, Mr. Drory filed a letter motion dated April 25, 2019 (ECF #171) requesting a conference so he could propose a revised payment schedule. The motion was granted by Order dated May 2, 2019 (ECF #172), and a telephone conference was held on May 9, 2019. During that conference, the undersigned, on behalf of Mr. Drory and Ms. Schulman, proposed a revised payment schedule. The Court declined to enter a default at that time and adjourned the conference, which was then held on July 18, 2019.

Mr. Drory and Ms. Schulman respectfully submit that the intervening motion and actions of the parties and the Court served to negate the legal effect of the April 23, 2019 default notice. Accordingly, we believe that the Court should decline to enter a default judgment based on the April 23, 2019 notice.

Since we were last in Court, a new default notice was served on July 18, 2019. Mr. Drory and Ms. Schulman respectfully submit that judgment cannot be entered against Mr. Drory until the ten business day cure period under the new notice expires on August 1, 2019. We further submit that, given the continued efforts of Mr. Drory to satisfy his obligations under the Stipulation and Order, the Court should deny any request for contempt which may be asserted against Mr. Drory by the Plaintiffs.

Under the terms of the Stipulation and Order, the sole right of the Plaintiffs with respect to Ms. Schulman is to commence an action to enforce their alleged guaranty, which action likewise cannot be commenced until the expiration of the August 1, 2019 notice period.

Respectfully yours,

J. Ted Donovan, Esq.

Cc: Arsenio Rodriguez, Esq. (Via Email)
Nancy A. Temple, Esq. (Via Email)